IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:06-CR-11 |
| | ) | (JORDAN/SHIRLEY) |
| V. | ) | |
| | ) | |
| LAWRENCE MAURICE REEVES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on April 12, 2006 for an initial appearance and arraignment on a Superseding Indictment [Doc. 20], filed on April 4, 2006. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney Kelly Johnson was present representing Defendant Reeves, who was also present.

At the hearing, the defendant made an oral motion to continue the May 1, 2006 trial date. Counsel for the defendant stated that, in light of the additional charges in the Superceding Indictment, he would need additional time to prepare for trial and to assess the need to file further motions on behalf of the defendant. The government stated that it did not object to the defendant's requested continuance of the trial.

The Court questioned the defendant at the hearing, who confirmed that he had discussed his right to a speedy trial with his attorney. He stated that he did not object to his

1

attorney's request that the trial be continued and agreed that he wanted his trial to be continued. The defendant furthermore stated that he understood that he would remain in detention until the new trial date.

The Court finds the defendant's oral motion to continue the trial to be well taken and finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching May 1, 2006 trial date, the Court finds that it would not be reasonable to expect the defendant to prepare for trial effectively, even taking into account counsel's due diligence, in light of the additional three (3) charges included in the Superceding Indictment. See 18 U.S.C. § 3161(h)(8)(B)(iv). Additionally, the Court finds that the defendant will need time to consider the appropriateness of filing pretrial motions in light of the new charges. The Court finds that this could not be accomplished before May 1, 2006 or in less than approximately three (3) months. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the defendant's oral motion to continue the trial.

In light of these findings and its granting of the oral motion, the Court set a new trial date of **July 12, 2006**. The Court further finds, and the parties agreed, that all the time between the **April 12, 2006** hearing and the new trial date of **July 12, 2006**, is fully excludable time under 18 U.S.C. § 3161(h)(8)(A)-(B). Regarding further scheduling, the motion-filing deadline is extended to **May 2, 2006**. Responses are due on or before **May, 16 2006**. The parties are to appear before the undersigned for a pretrial conference on **May 24, 2006, at 1:30 p.m.**

Accordingly, it is **ORDERED:**

(1) Defendant Reeve's oral motion to continue the trial is **GRANTED**;

2

(2) The trial of this matter is reset to commence on **July 12, 2006, at 9:00 a.m.,** before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the **April 12, 2006** hearing and the new trial date of **July 12, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4) A new motion deadline is set for **May 2, 2006**;

(5) Responses are due on **May 16, 2006**; and

(6) A pretrial conference is set for **May 24, 2006, at 1:30 p.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3