UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| LAWRENCE MAURICE REEVES, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 3:18-CV-65; 3:06-CR-11 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Federal inmate Lawrence Maurice Reeves, Jr. ("Petitioner"), brings a "Motion to Reinstate Direct Appeal," which the Court deems to be an effort to file a second or successive motion to vacate, set aside, or correct a sentence under 28 U.S.C. § [Doc. 80].[1] Petitioner claims that his appellate counsel rendered ineffective assistance [*Id.*]. Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in this Court until he has moved in the Sixth Circuit for an order authorizing the Court to consider the motion. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Petitioner filed a previous § 2255 motion in this Court, attacking the same conviction, and raising nine instances of ineffective assistance of counsel [Doc. 44]. The Court denied the motion [Doc. 68], and thereafter, the Sixth Circuit, finding no error in this Court's decision, denied Petitioner a certificate of appealability [Doc. 70].

Petitioner then filed a motion in the Sixth Circuit, seeking permission to file a second or successive § 2255 motion; the Sixth Circuit denied permission [Docs. 71-72, 78].

---

[1] Citations to the docket in this Order refer to Petitioner's criminal case, No. 3:06-CR-11.

Next, Petitioner moved this Court to correct a clerical error in his judgment under Federal Rules of Criminal Procedure 36 [Doc. 73]. The Court construed his motion to correct a clerical error as a second of successive § 2255 motion and, as such, transferred it to the Sixth Circuit [Doc. 76]. Petitioner filed a motion to reconsider the transfer, arguing that the Court misconstrued his motion to correct a clerical error as a § 2255 motion; that the motion to correct was a true Rule 36 motion; and that the Court should have treated and decided it as such [Doc. 77]. The Court denied Petitioner's motion to reconsider based on the Sixth Circuit's explicit ruling that "Reeves's argument that the district court erroneously construed his Rule 36 motion as a second or successive § 2255 motion is not well-taken" [Doc. 79].

The Court has not received an order from the Sixth Circuit authorizing the Court to consider the instant § 2255 motion, as construed.

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** the instant motion to vacate [Doc. 80] to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45 (6th Cir. 1997).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge