UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:06-CR-011 |
| ) | |
| LAWRENCE MAURICE REEVES, JR. ) | |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [Doc. 94]. The United States has responded in opposition to the motion, and the defendant has submitted a reply. [Docs. 96, 97]. For the reasons that follow, the motion will be denied.[1]

### I.  BACKGROUND

Following a jury trial, this Court sentenced the defendant in October 2006 to a net term of 481 months in prison for possession with the intent to distribute five grams or more of crack cocaine (Count 1), carjacking (Count 3), possession of a firearm by a felon (Count 5), and two violations of 18 U.S.C. § 924 (c) (Counts 2 and 4). [Doc. 39]. The sentence was comprised of 121 months as to each of Counts 1 and 3 and a term of 120 months as to Count 5, to be served concurrently, plus additional 60- and 300-month mandatory minimum consecutive sentences on the 924(c) charges. [*Id.*]. In 2012, the Court reduced the defendant's net sentence to 480 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the sentencing guidelines. [Doc. 63].

---

[1] The defendant's separate counseled motion for sentence reduction pursuant to Section 404 of the First Step Act of 2018 [doc. 84] remains pending before the Court.

The defendant is presently housed at FCI McDowell with a projected release date of December 14, 2040. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 9, 2021). He now moves for compassionate release, citing his rehabilitative efforts and recent changes to § 924(c)'s penalty provisions.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that could warrant a sentence reduction but, as of November 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2]

In *Jones*, the Sixth Circuit instructed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 94, Exs. 1-3]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

---

[2] The parties in this case have not addressed any other guideline policy statement.

## B. Merits

Movants bear a threshold burden of demonstrating the existence of extraordinary and compelling reasons for compassionate release. In support of his request the instant defendant argues that he would receive a significantly lower prison term if sentenced under current law. He also discusses his rehabilitative efforts.

The Court recognizes that if the defendant were initially sentenced today he would receive a lower term of imprisonment for his second § 924(c) count of conviction. *See* Fair Sentencing Act of 2018, § 403, Pub. L. No. 115-391, 132 Stat. 5194. However, Section 403 of the First Step Act expressly applies only to persons who had not yet been sentenced as of Act's enactment date – December 21, 2018. *See* 132 Stat. 5194, 5222. The instant defendant was sentenced in 2006.

The Sixth Circuit has recently stated, "'[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.' *Dorsey v. United States*, 567 U.S. 260, 280 (2012). What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *United States v. Wills*, ___ F.3d ___, 2021 WL 1046489, at *2 (6th Cir. Mar. 9, 2021). This Court accordingly cannot find "extraordinary and compelling reasons" for compassionate release in this case based on Section 403 of the First Step Act.

That leaves the defendant's rehabilitative efforts. According to the BOP's SENTRY Report, the defendant has earned his GED while incarcerated. He works for UNICOR and has taken some educational and vocational programming. The BOP scores him as a low

4

security inmate with a medium risk of recidivism. Conversely, the defendant has received four disciplinary sanctions. While most of these incidents were relatively minor, he did possess a cell phone in 2013.

Regardless, Congress has provided that, in the context of 18 U.S.C. § 3582(c)(1)(A), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). The Court thus cannot find extraordinary and compelling grounds for compassionate release in this case, and the defendant's motion must be denied. *Elias*, 984 F.3d at 519.

### III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 94] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

                                          s/ Leon Jordan
                                    United States District Judge